SCANNED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Wesley Spratt** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 04-112S** |
| | : | |
| **Department of Corrections;** | : | |
| **A.T. Wall** | : | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant A.T. Wall and pursuant to the Order of the Court dated August 29, 2005, hereby supplements his memorandum in support of his motion for Summary Judgment.

I. Introduction

Plaintiff Spratt is a penal inmate at the Rhode Island Adult Correctional Institutions, serving a sentence of life without parole, for murder and related charges. (See *State v. Spratt*, 742 A.2d 1194 (R.I. 1999)). Spratt sued the Director of the Department of Corrections for refusing to permit him to lead a prayer group or "preach" to a group of inmates, within the Maximum-security facility where he is currently housed. Spratt alleged violations of his First Amendment Right of Freedom of Religion and his Fourteenth Amendment right of due process. Spratt invoked the protection of the Religious Land Use of Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1 Plaintiff has moved for Summary Judgment. Defendant Wall objected to Plaintiff's Motion for Summary Judgment, and has filed his own Motion for Summary Judgment. Because the U.S. Supreme Court had pending before it a case which would determine whether RLUIPA violated the first amendment to the Constitution (*Cutter v. Wilkinson*, 125 S.Ct. 2113 (2005)) this Court stayed determination of the motions for summary

judgment until the Cutter case was decided. *Cutter* has now been decided and this Court, in an order dated August 29, 2005, instructed that the parties to this action submit supplemental documentation or arguments in support of, or against, Plaintiff's RLUIPA claim. Therefore, the Defendant hereby supplements his Motion for Summary Judgment; Defendant refers the Court to and incorporates all arguments made in his original motion, filed on July 29, 2004.

II. The U.S. Supreme Court's decision in *Cutter v. Wilkinson* supports Defendant's position in the case at bar

*Cutter* involved current and former inmates of the Ohio Department of Rehabilitation and Correction who complained that the Ohio prison officials violated RLUIPA by failing to accommodate their religious exercise. The plaintiffs in *Cutter* belonged to "nonmainstream religions," such as Satanism, Wicca and Asatru. In response to plaintiffs' complaint, the Ohio prison system challenged the very constitutionality of RLUIPA, arguing that it improperly advances religion, in violation of the Establishment Clause of the First Amendment. The District Court denied the prison's motion to dismiss. The Court of Appeals reversed, agreeing with the prison's argument that the portion of RLUIPA that pertained to incarcerated individuals (42 U.S.C. §2000 cc-1) violates the Establishment Clause. The U.S. Supreme Court granted certiorari, and reversed the judgment of the Court of Appeals, holding that RLUIPA does not advance religion, and therefore is constitutional. However, and crucial to the case at bar, the court was adamant in its opinion that legitimate safety and security concerns within a prison system cannot and should not be trumped by RLUIPA. "We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety. Our decisions indicate that an accommodation must be measured so

that it does not override other significant interests." _Cutter_, at 2122. The court stated: "It bears repetition, however, that ***prison security is a compelling state interest***, and that deference is due to institutional officials' expertise in this area. * * * Should inmate requests for religious accommodation become excessive, impose unjustified burdens on other institutionalized persons, ***or jeopardize the effective functioning of an institution***, the facility would be free to resist the imposition." _Id_. at 2124-2125. [Emphasis added].

III. Conclusion

For all of the reasons stated in his original memorandum in support of his motion for summary judgment, the Defendant submits that there is no genuine issue of material fact in the case at bar, and that Defendant is entitled to judgment as a matter of law. The recent opinion in _Cutter v. Wilkinson_, _supra_, further bolsters Defendant's arguments that no violation of RLUIPA exists in prohibiting a prisoner from preaching to an inmate congregation when the prison articulates legitimate security reasons for the prohibition. Defendant respectfully requests this Court to deny summary judgment to the Plaintiff, and to enter summary judgment in favor of the Defendant.

Defendant, by his attorney

Patricia A. Coyne-Fague
RI Bar #5198
RI Dept. of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within Supplemental memorandum was mailed, postage-pre-paid to Plaintiff Wesley Spratt, Maximum Security, P.O. Box 8273, Cranston, RI 02920 on this 2nd day of September 2005.