**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Wesley Spratt** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 04-112S** |
| | : | |
| **Department of Corrections;** | : | |
| **A.T. Wall** | : | |

**MEMORANDUM ADDRESSING WHETHER RLUIPA IS APPLICABLE TO THE RHODE ISLAND DEPARTMENT OF CORRECTIONS IN LIGHT OF THE FEDERAL FUNDING REQUIREMENT OF 42 USC § 2000 cc-1(b)(1)**

Now comes Defendant A.T. Wall and hereby responds to this Court's October 3, 2005 Order in which the Court ordered each party to address whether the Religious Land Use of Institutionalized Persons Act ("RLUIPA") applies to the Rhode Island Department of Corrections ("RIDOC"), in light of 42 U.S.C. § 2000 cc-1(b)(1).

42 U.S.C. § 2000 cc-1(b)(1) states that the provisions of RLUIPA apply "in any case in which the substantial burden is imposed in a program or activity that receives Federal financial assistance." The Rhode Island Department of Corrections accepts federal funds that are earmarked for specific programs and activities, such as substance abuse services, puncture-proof vests for correctional officers, counseling and education for HIV-positive inmates, vocational education, victim outreach services, and computer assisted discharge planning, to name only a few. There are also federal monies that are allocated for spending in any area of the operational system the RIDOC chooses. While none of the federal funds which the RIDOC accepts is specifically earmarked for religious programs, the Defendant notes that in *Cutter v. Wilkinson*, 125 S. Ct. 2113 (2005) the U.S. Supreme Court found that the acceptance of federal funds by a prison system is sufficient to invoke the provisions of RLUIPA. *Id.*, at 2118-9, n.4. Indeed, in

its Brief in support of the Respondents, the United States conceded that the fungibility of federal funds in the institutional context justifies the program-wide coverage of RLUIPA's reach. (Brief for United States, p. 44). The U.S. argued, and the court seemingly agreed, that "the relationship between federal funds designated for the operations of institutional facilities and RLUIPA's protection of inmates; well-being us direct and targeted. (Id., p.43, noting that some of the federal funds received by Ohio dealt directly with rehabilitation,[although not necessarily with religion per se]).

Therefore, in light of the foregoing, the Defendant submits that RLUIPA is in fact applicable to the RIDOC, in that the RIDOC accepts federal funding.

Defendant, by his attorney

Patricia A. Coyne-Fague
RI Bar #5198
RI Dept. of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-pre-paid to Plaintiff Wesley Spratt, Maximum Security, P.O. Box 8273, Cranston, RI 02920 on this 4th day of October 2005.