**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Wesley Spratt, pro se | ) | CA No.: 04-112S |
| v | ) | |
| Department of Corrections | ) | |
| et al, A.T. Wall | ) | |
| | ) | |

MEMORANDUM ADRESSING WHETHER RLUIPA IS
APPLICABLE TO THE RHODE ISLAND DEPARTMENT OF CORRECTIONS
REGARDING THE FEDERAL FUNDING REQUIREMENTS OF
42,§ 2000 CC-1(b) (1)

Now comes the Plaintiff, Wesley Spratt, and hereby responds to the Court's October 3, 2005 ORDER to address the issue of whether the Religious Land Use of Institutionalized Persons Act ("RLUIPA") applies to the Rhode Island Department of Corrections.

42 U.S.C. § 2000 CC-1 (b) (1) states that the provisions of the RLUIPA apply "in any case which the substantial burden is imposed ina program or activity that receives Federal financial assistance.

The Rhode Island Department od Corrections receives Federal financial assistance for various programs. They also receive Federal financial assistance for spending in any area of the Operational System the Rhode Island Department of Corrections chooses.

The United States Supreme Court has found in **Cutter v. Wilkinson**, **125 S.Ct. 2113 (2005)**, that "the acceptance of Federal Funds by a prison system is sufficient to **invoke** the provisions of the **RLUIPA. Id. at 2118-9, N.4.**"

The Defendant's Counsel submits truthfully, that "the RIDOC receives Federal Financial Assistance, and the **RLUIPA** is, in fact, applicable to the RIDOC." The Plaintiff believes the issue was never raised because all prison systems receive Federal Financial Assistance in one way or another making the issue moot.

## Certification

I the undersigned hereby certify that a true copy of the within document was sent to the Defendant's Counsel at 40 Howard Avenue, Cranston, RI 02920, on this 11th day of **October** ,**2005**, **Interdepartmental mail.**

**Respectfully submitted**

Wesley Spratt

**Wesley Spratt (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920**