UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

WESLEY SPRATT *

VS. * C.A. NO: 04-112S

ASHBEL T. WALL, ET AL *

DEPARTMENT OF CORRECTIONS

*

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HOW THE CONSTITUTIONAL RIGHTS TO RELIGIOUS FREEDOM ARE BEING VIOLATED BY DEFENDANT'S IN THE "LEAST RESTRICTIVE MEANS"**

Now comes the Plaintiff, Wesley Spratt, and hereby answers the defendant's memorandum and affidavit which is not only frivious and disingenuous but it has no merit that applies to the Religious Land use and Institutionalized persons Act (RLUIPA) 42§2000cc. Which is governed by the new and only applicable standard by law "least restrictive means."

On October 18, 2005 the Court by order of Federal Magistrait, Jacob Hogopian, ordered the defendant to explain in detail or by way of affidavit or otherwise, how the restriction on the plaintiffs supervised preaching is in the "least restrictive means" of furthering the Department of Corrections security interest.

## I: INTRODUCTION

The plaintiff, an inmate at the Rhode Island Adult Correctional Institutions brought suit against the Department and it's Director, Ashbel T. Wall. When a substantial burden was placed on the free exercise of his religion. The plaintiff had preached the Word of God, by the grace of God under the direct supervision of the outside Clergy and only under their supervision for seven (7) years straight without one insodent of any kind.

The defendant attempting to deceive the Court with misleading language tried to group the plaintiff with a long list of various other religious freedom cases. All the other plaintiff's were attempting to lead their own religious services of one kind or another without any supervision of any kind. All of the case's were governed under the old standard of reasonableness which is no longer applicable case law, see, **Turner v. Safley, 482 U.S. 96 L.Ed.2d 641.**

The plaintiff is more then capable of leading his own religious services and the RLUIPA gives the plaintiff the legal grounds to lead his own religious service. The plaintiff is 45 years old and has sent the Court three separate letters from different Clergy who have all testified of plaintiff's God given ability to expound the scripture.

Yet, the plaintiff is content and has been content to preach or expound the scripture's under the direct supervision of the outside Clergy. The benefit from this comes in two ways. When the plaintiff ministers (or Preaches) to the congragation in front of

the clergy. The Department of Corrections can't truthfully ever claim their is any security risk. The outside Clergy would not share their valuable time with anyone involved in any gang activity, nor would the christian congregation want to hear from anyone involved in any hypocritical gang activity. Yet, the outside Clergy does take note of the gift of God the Lord has given the plaintiff. So when the plaintiff is finally delivered out of this prison in the Lords time. The plaintiff can take his place in the ministry the Lord has prepared him for. The plaintiff has already been offered to lead a discipleship program in one of the christian Outreach Programs as a result of the seven (7) years of ministry here.

## II: THE R.L.U.I.P.A. STANDARD OF LAW

42§2000ccl. Protection of Religious exercise of institutionalized persons.

**(A) General Rule:** No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the civil rights of Institutionalized Persons Act (42 U.S.C. 1997) even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person is:

[1] In the furtherance of a compelling governmental interest; and

[2] Is the least restrictive means of furthering that compelling governmental interest.

**(B) Burden of Persuasion:** If a plaintiff produces prima facie evidence to support a claim alleging a violation of the free exercise

cause or a violation of section 2[42 2000cc] the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion. See definitions 2000cc-5.

**(7) Religious Exercise:**

**(A)** In General. The term "religious exercise" includes any exercise of religion, whether or not compelled by, or central to a system of religious belief .

The plaintiff as he has previously stated has preached the Word of God for 7 years under the direct supervision of the outside Clergy without one insodent of any kind. Now for no reason at all except a non believer got involved in religious affairs the plaintiff has been forced to sit in the congragation with his mouth closed, unable to exercise his gift of expounding the scriptures (preaching) because if he speaks he will face disciplinary action (be sent to segregation).

Therefore, the substantial burden requirement has been met. The acts requirement of strict scrutiny stands in sharp contrast to the Supreme Court's previous decisions, which have held that the Courts should apply a rational relationship review to the restriction upon inmates. See, **Turner v. Safley** and **Olone v. Shabazz** for the old governing standard of reasonableness which is no longer applicable case law.

**III: DEFENDANT CANNOT MEET HIS BURDEN OF PERSUASION UNDER R.L.U.I.P.A.**

The defendant cannot meet the burden of persuasion that the restriction on the plaintiff's preaching under the direct supervision of the outside Clergy is in the least restrictive means of furthering a State interest.

As the plaintiff has already pointed out numerous times in his documents and even in the complaint. Attempting to avoid this civil action under **Fact [49]** when Congress first inacted the least restrictive means as the new governing standard of law it stated.

"Seemingly reasonable regulations based upon speculation, exaggerated fears or post-hoc rationalizations will not suffice to meet the acts requirement" **reprinted in 1993 U.S.C.A.N** at **1900.**

A federal stature creating a private cause of action permits the recovery of damages, since governmental units are not entitled to the defence of qualified immunity, nor any official or other person acting under the color of law, of the United States, a State or subdivision of a State. That being true everyone named in the complaint is liable.

The defendants least restrictive means memorandum has no applicable case law and, is a direct insult to the intelligence and the integrate of the senior United States Federal Magistrate Jacob Hagopian. It's nothing short of more fraudulant, seemingly reasonable regulations, more exaggerated fraudulant fears and more fraudulant post-hoc rationalizations, that congress stated would not suffice to meet the acts requirement. Mr. Jake Gadsden's affidavit is meaning less and fraudulant also. His note worthy credentials don't override the United States Constitutional Religious Land use and Institutionalized Persons Act. If the plaintiff had

informed him of this and he failed to do something about it. He would be liable along with everyone else. Theirs no immunity for him either.

The religious land use and instutionalized persons act. Is-sent for prisons to enforce its own faulty restrictions. The least restricttive means is the constitutional standard the United States is enforcing, see **2000cc-2 judicial relief.**

**(F)** Authority of the United States to enforce this act. The United States may bring an action for injunctive or declaratory relief to enforce compliance with this act. Nothing in this subsection shall be construed to deny, impair or otherwise affect any right or authority of the Attorney General, the United States, or any Agency, Office, or employee of the United States, acting under any law other than this subsection, to institute or intervene in any proceeding. See, **Rule of Construction 200cc-3.**

**(E)** Governmental discretion in alleviating burdens on religious exercise. A government may avoid the preemptive force of any provision of this act by changing the policy or practice that results in a substantial burden on religious exercise by retaining the policy or practice and exempting the substantially burdened religious exercise, by providing exemptions from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden.

**(G)** Broad constructions. This act shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this act and the constitution.

The defendant has boldly lied to the Federal Court and it's

Honorable Senior Magistrate Jacob Hagopain in an attempt to pull the wool over his eyes.

The maximum security prison yard is approximately 150 yards in length and 75 yards in width. It has two basketball courts, a baseball field, a track, and 18 full size picnic benches. During recreation the entire prison population has full access to them. The entire yard is secured by only 2 officers who remain in one little shack and one man in a tower on the wall, that's it. Their only job is to push the code button if a fight breaks out. When they push the code blue. It is announced over the speaker wherever the code is at in the entire building. Then all the officer's run to wherever the code blue is, they breakup the fight and take those involved to segregation immediately. If there is any gang members they are free to talk their gang nonsence on any of the 18 park benches, or anywhere in the yard, or in the gym, as well as in the cellblocks.

Prudence 1 and Prudence 2 alone hold 90 inmates, the entire block is manned by 2 correctional officer's sitting at a desk. They are not authorized to stop people from talking. If any so called gang members want to talk any gang nonsence, they have the entire day and late rec at night to do so. The prison can't prevent people from talking.

The last place in the world any so called gang member wants to hold any so called meeting is in the church of the Lord Jesus Christ. Their not stupid and bringing that crap into the church is a quick way to end up in segregation. Yet, unlike the defendants they at least respect the Lords house.

The defendant cannot meet his burden of persuasion. His answer is fraudulant. All of its case's Are not only unapplicable and all governed under the old standard of reasonableness, but every case the plaintiff cited, the plaintiff has already proven it rules in the plaintiff's favor. See, **Benjamin v. Coughlin**, and **Anderson v. Angelone**. **Exhibit 1** and **exhibit 2**. In plaintiff's Memorandum in Support of Summary Judgment against the plaintiff. The very case's the defendant again had the disengenous nerve to cite against the plaintiff.

[W]herefore, the plaintiff humbly request the Honorable Court and the Senior Magistrate Jacob Hagopian, grant the plaintiff a Summary Judgment against the defendant as a matter of law. There is no genuine issue as to any material fact. The defendant's answer is fraudulant, frivilous and without merit of anykind. The plaintiff request all relief he is entitled by law.

May God bless your judgment

Wesley Spratt

Pro Se Wesley Spratt
Post Office Box 8273
Cranston, Rhode Island 02920

**CERTIFICATION**

**I, Wesley Spratt, acting pro se, hereby certify that a true copy of the within memorandum was sent to the defendant's counsel at 40 Howard Avenue, Cranston Rhode Island 02920 on this 9th day of NOV, 2005.**

Wesley Spratt

**SIGNATURE**