**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Wesley Spratt** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 04-112S** |
| | : | |
| **Department of Corrections;** | : | |
| **A.T. Wall** | : | |

**DEFENDANT'S MOTION TO FILE A SUPPLEMENTAL MEMORANDUM BASED ON NEW INFORMATION**

Now comes Defendant A.T. Wall and for the reasons argued in the accompanying memorandum of law hereby respectfully requests that this Court grant leave to file a supplemental memorandum in support of his Response to Plaintiff's Objection to the Report and Recommendation granting Defendant's Motion for Summary Judgment.

Defendant Wall, by his attorney,

Patricia A. Coyne-Fague #5198
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to Carly Beauvais Iafrate, Rhode Island Affiliate, ACLU, 170 Westminster Street, Suite 601, Providence, RI 02903 on this 9th day of May 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Wesley Spratt** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 04-112S** |
| | : | |
| **Department of Corrections;** | : | |
| **A.T. Wall** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO FILE A SUPPLEMENTAL MEMORANDUM BASED ON NEW INFORMATION**

Now comes Defendant A.T. Wall and hereby respectfully requests that this Court grant leave to file a supplemental memorandum in support of his Response to Plaintiff's Objection to the Report and Recommendation granting Defendant's Motion for Summary Judgment.

This Court heard oral argument on April 6, 2006 concerning the Plaintiff's appeal of the Magistrate Judge's grant of Summary Judgment to the Defendant. The Plaintiff has argued, through counsel, that his preaching to an inmate congregation poses no threat to institutional security (as the Defendants have argued) because he did so for a long period of time with no ill results and merely is fulfilling a "calling" he is receiving from God, and that he does not desire to be in a position of actual or perceived authority. Defendants wish to bring to the Court's attention the fact that the Plaintiff was recently disciplined, via the prison disciplinary process, for "Engaging in or Encouraging a Group Demonstration and/or Activities." The Defendants submit that the details of this booking validate their concerns as argued before the Court, that an inmate in a position of actual or perceived leadership is detrimental to prison security.

Defendants have attached the memorandum and exhibit that they wish to submit to the Court, for the Court's review.

Respectfully submitted,

Patricia A. Coyne-Fague #5198
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

Certification

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to Carly Beauvais Iafrate, Rhode Island Affiliate, ACLU, 170 Westminster Street, Suite 601, Providence, RI 02903 on this 9th day of May 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Wesley Spratt** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 04-112S** |
| | : | |
| **Department of Corrections;** | : | |
| **A.T. Wall** | : | |

**SUPPLEMENTAL MEMORANDUM BASED ON NEW INFORMATION**

Now comes Defendant A.T. Wall and hereby respectfully submits this supplemental memorandum in support of his Response to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation that granted Summary Judgment to Defendants. The Defendants wish to bring to the Court's attention, and ask the Court to consider as relevant to Defendant's security concerns, a recent disciplinary "booking" which the Plaintiff incurred.

It seems that the Plaintiff, displeased and in disagreement with a correctional officer's instruction that he remove his jacket while working in the dining room, stood on a table and proceeded to exhort the eleven inmates present to discontinue working and listen to him. The Plaintiff then continued to ask the other inmates collectively if it wasn't true that they were previously permitted to wear their jackets, encouraging them to voice their agreement with his position as opposed to that of correctional staff. The Plaintiff received a 30-day segregation sentence for this disciplinary infraction. [Printout of the disciplinary booking attached as Exhibit A].

The Defendants have argued that permitting Plaintiff to "preach" to an inmate congregation in his own words represents a threat to institutional security. Plaintiff argues that he is merely following a calling from God and does not threaten security.

This recent booking highlights the danger of placing an inmate in a position of authority, perceived or actual, and particularly illustrates that the prison system should not have to risk institutional security by relying on this inmate to respect security and order when he preaches to an inmate congregation. The Defendants respectfully request this Court to consider this new information as it formulates its decision in this case.

Defendant Wall, by his attorney,

Patricia A. Coyne-Fague #5198
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

Certification

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to Carly Beauvais Iafrate, Rhode Island Affiliate, ACLU, 170 Westminster Street, Suite 601, Providence, RI 02903 on this 9th day of May 2006.

Case 1:04-cv-00112-S Document 72-2 Filed 05/09/2006 Page 3 of 4

**Inmate Id:** 0073735 **Inmate Name:** WESLEY R SPRATT **Sec:** MAX

**Incarceration No:** 0073735 **Area/Cell:** SEG SEG-35

**Job Code:** **SRG Level:** **Enemy Level:** Not Housed in same bldg

**Discipline No:** 000018099

Infraction Date/Time: 4/13/2006 08:40:00 Infraction Sec: MAX

Charging Staff Member: Montecalvo

Place Of Infraction: MAX Place Of Booking: Max Dining Room

ORIGINAL- Infraction Code: 118 Infraction CAT: DISTURBANCE

Infractions Severity: HIGHEST(NON-PREDATORY)

Infractions Description:
Engaging in or Encouraging a Group Demonstration and/or Activities

Filed Date/Time: 4/13/2006 09:12:47 Inmate Demeanor: ARGUMENTATIVE

**Infraction Narrative:**

Inmate Spratt, W. was working in the dining room as a dining room packer. I instructed th e inmate to remove his jacket while he was working ion the dining room. The inmate told me that he could wear it and i ordered him to take it off. After some complaining he did. A few minutes later he started complaining again and I told him that this is how it is and i t's not going to change. He then proceded to stand up and call the other 11 inmates workin g to stop working and listen to him. In diong that he disrupted the work being done and cr eated a scene. He then proceded to ask everyone collectively if they were allowed to wear their coats. I then ordered Inmate Spratt,W. to cuff up and had him escorted to seg.

**Witnesses:** NONE

**S.O. REVIEW:** **READ BY:** Burt

Inform Date: 04/13/2006 18:55:00 Hearing Date: 04/14/2006 09:00:00

Demeanor: CONCERNED Inmate Plea: NOT GUILTY

Status AWT Hear: LFI DC Waive 24 Notice: YES

Req Rep Present: YES Req Witness: NO

Witnesses: NONE

**Inmate's Statement:**
Inmate states he took his coat off when the Officer told him to. Admits he did ask the oth er inmates to state if they were allowed to where their coats while working in the dining room.

**Superior's Comments:**
Valid based on report and statement.

EXHIBIT A

**Inmate Id: 0073735** **Inmate Name: WESLEY R SPRATT** **Sec: MAX**

Incarceration No: 0073735 Area/Cell: SEG SEG-35

Job Code: SRG Level: Enemy Level: Not Housed in same bldg

**Discipline No: 000018099**

**HEARING:**

Hearing Date: 4/14/2006 09:15:31 Offender's Plea: NOT GUILTY

Rep Counselor:

**Req Witness: NO** **Waive 24 Notice: NO**

**Offender Statement:**
Inmate states that he was just trying to explain to the officer that the Dining Room Packers have always been allowed to wear coats while working and he was just asking the others workers if that was the rule.

**Witness(s) Statement:**

**Officer's Statement:**
Guilty based on officers report and inmates statement to the board.

**Finding: GUILTY** **Class. Review: NO** **Req Ward Review: YES**

Infraction Code: 118 Infraction CAT: DISTURBANCE

Infractions Severity: HIGHEST(NON-PREDATORY)

Infractions Description:
Engaging in or Encouraging a Group Demonstration and/or Activities

Hearing Off. Sig: Alves

**SANCTIONS:**

| | | |
|---|---|---|
| DISCIPLINARY CONFINEMENT | 20060413 | 030 |
| LOSS OF GOOD TIME | 20060413 | 030 |