**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **WESLEY SPRATT,** **Plaintiff** | ) |
| **vs.** | ) **C.A. No.: 04-112S** |
| **A.T. WALL, et al.,** **Defendants.** | ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO FILE SUPPLEMENTAL MEMORANDUM**

Now comes the Plaintiff, Wesley Spratt, ("Plaintiff"), and hereby objects to the "Defendant's Motion to File a Supplemental Memorandum Based on New Information," filed on or about May 9, 2006, for several reasons. Significantly, the Department's submission is untimely. This matter has been fully briefed and argued by the parties. The Court held oral argument over one month ago, April 6, 2006, and advised the parties that a decision would be forthcoming. Defendant's last-minute attempt to circumvent the summary judgment process and submit this totally unrelated information should be rejected. In all events, this "new" information is totally irrelevant to this proceeding. Among other things, there is no connection between the incident[1] in question and the Plaintiff's First Amendment right to continue reading and expounding upon the scriptures. This incident did not form the basis of the Department's reason to deny Plaintiff's request for religious accommodation. Instead, the fact that Plaintiff has suddenly been booked for "encouraging a group demonstration," when he

[1]In the event that the Court grants the Defendant's motion, the undersigned requests sufficient time to visit Plaintiff and respond to the merits of Defendant's allegations in a detailed response to the supplemental memorandum.

previously had no problems appears retaliatory in nature.[2] Accordingly, the Plaintiff objects to this motion, and respectfully requests that the Court deny Defendant's Motion.

Plaintiff,
By his attorney,

Carly Beauvais Iafrate, #6343
Rhode Island Affiliate,
American Civil Liberties Union
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that a true copy of the within document to Patricia A. Coyne-Fague, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, RI 02920 on the 11th day of May 2006.

---

[2]Significantly, it is simply incredible that asking a question about whether coats are worn in a dining room constitutes "Engaging in or Encouraging a Group Demonstration and/or Activities."