UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Wesley Spratt,

Plaintiff,

v.

A.T. Wall, Director, Rhode Island Department of Corrections; and the Rhode Island Department of Corrections,

Defendants.

C.A. No. 04-112 S

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Wesley Spratt ("Spratt"), an inmate with the Rhode Island Department of Corrections ("RIDOC"), brought this action under 42 U.S.C. § 1983 and the Religous Land Use and Institutionalized Persons Act ("RLUIPA"), codified at 42 U.S.C. § 2000cc-1, alleging that Defendants substantially burdened his religious practices by prohibiting him from preaching in prison.

The procedural history of this case already consists of several dispositive rulings by the Court. This Court dismissed RIDOC from the case on February 11, 2005. On the same day, the Court adopted Magistrate Judge Hagopian's January 13, 2005 Report and Recommendation, which addressed the parties' cross-motions for summary judgment by recommending that summary judgment enter in favor of Defendant A.T. Wall ("Wall") on Spratt's § 1983 claim and

that a decision on Spratt's RLUIPA claim against Wall be stayed pending the outcome of an appeal of the Sixth Circuit's RLUIPA decision in Cutter v. Wilkinson, 349 F.3d 257 (6th Cir. 2003). On May 31, 2005, the Supreme Court reversed the Sixth Circuit's finding that RLUIPA did not offend the First Amendment. See Cutter v. Wilkinson, 544 U.S. 709 (2005). With the Supreme Court's newly pronounced guidance in hand, Magistrate Judge Hagopian issued another Report and Recommendation on November 21, 2005 recommending that Spratt's motion for summary judgment be denied and Wall's motion for summary judgment be granted on Spratt's RLUIPA claim. Specifically, Judge Hagopian found Spratt succeeded in establishing that the restrictions imposed upon him by Wall constituted a substantial burden on Spratt's religious exercise, but that the restriction was nevertheless lawful because it was the least restrictive means of furthering a compelling government interest.

This matter is now before the Court on Spratt's Objection to Judge Hagopian's November 21, 2005 Report and Recommendation. Pursuant to Fed. R. Civ. P. 72(b), the Court must make a "de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Id.

Following de novo review of the filings in this matter, this Court finds that while the issue is somewhat of a close call, the Magistrate Judge's R&R on balance represents both a fair and

reasonable interpretation of the RLUIPA claim. Therefore, Spratt's Objection is DENIED and this Court adopts the well-reasoned Report and Recommendation of Magistrate Judge Hagopian in full.[1]

IT IS SO ORDERED.

W.E.Smith

William E. Smith
United States District Judge
Dated: 6/5/06

[1] The Court notes that after oral argument was heard on Spratt's Objection, the Court, utilizing its discretion under Fed. R. Civ. P. 72, permitted Wall to file "additional evidence" relating to a disciplinary matter involving Spratt. Apparently, after years of maintaining a relatively clean disciplinary record as a prisoner, on April 13, 2006 (only one week after oral argument in this matter), Spratt received a 30-day segregation sentence for "Engaging in or Encouraging a Group Demonstration and/or Activities." According to the RIDOC offender report, Spratt, while working in the prison dining room, refused to comply with an officer's requests to remove his jacket. After removing his jacket, Spratt stood up, asked the other eleven inmates in the room to stop working, and proceeded to ask the inmates if they were allowed to wear their jackets. In so doing, Spratt "disrupted the work being done and created a scene." Wall asserts this incident validates prison officials' concerns that an inmate in a position of leadership is a plague to prison security.

Although the Court considered this evidence, it ultimately added little value to Wall's position and was not outcome-determinative. While the disciplinary incident could stand for what Wall says it does, the timing of the infraction, coupled with the fact that Spratt complied with the officer's requests and simply asked others what the jacket-wearing rule was, discounts a majority of the incident's purported significance.