**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WESLEY SPRATT,** | ) | |
| **v.** | ) | **C.A. No.: 04-112S** |
| **A.T. WALL, et al.,** | ) | |

**STIPULATION**

It is hereby agreed by and between the parties that the following shall enter:

1. The within stipulation is entered pursuant to Rule 10(e)(2)(A) of the Federal Rules of Appellate Procedure in order to correct the record forwarded to the Court of Appeals for the First Circuit, No. 06-2038, to include matters omitted from the record by error or accident.

2. The following affidavits, copies of which are attached hereto as Exhibits A and B, were submitted to the District Court for its consideration on or before the dates indicated but do not appear in the docket of proceedings in the District Court:

   A. affidavit of Wesley Spratt of December 13, 2005 (submitted no later than April 21, 2006)

   B. affidavit of Wesley Spratt of June 12, 2006 (submitted on June 16, 2006)

3. The aforesaid affidavits shall be made part of the record of proceedings.

4. In accordance with FRAP 10(e)(2)(A), the clerk shall correct the record and certify a supplemental record to the Court of Appeals containing the aforesaid affidavits and this stipulation.

Lynette Labinger

Attorney for Plaintiff,
Lynette Labinger #1645, cooperating counsel
Roney & Labinger LLP
Rhode Island Affiliate, ACLU
344 Wickenden Street
Providence, RI 02903
(401) 421-9794
(401) 421-0132 (fax)
DATE: August 23, 2006

Patricia A. Coyne-Fague

Attorney for Defendants,
Patricia Coyne-Fague #5198
R.I. Department of Corrections
40 Howard Avenue, Cranston, RI 02920
(401) 462-0145
(401) 462-2583 (fax)
DATE: 08-21-06

**Law Office of Carly Beauvais Iafrate**
**129 Dyer Street**
**Providence, RI 02903**
**(401) 421-0966**
**(401) 421-0964**
ciafrate@verizon.net

April 21, 2006

The Honorable William E. Smith
United States District Court
District of Rhode Island
One Exchange Terrace
Federal Bldg. & Courthouse
Providence, RI 02903

*Re: Spratt v. State, C.A. No. 04-112S*

Dear Judge Smith:

I was able to find an affidavit filed by Mr. Spratt in this file. I recall this was one of the questions you asked of me during oral argument that I could not completely answer.

Thank you for your consideration of this matter.

Very truly yours,

Carly Beauvais Iafrate

c: Patricia Coyne-Fague, Esq.

Ex. A

# AFFIDAVIT

I the plaintiff, Wesley Spratt, swears that I will be 46 years old on January 15, 2005, and that at no time in my entire life have I ever beloned to any gang. I have preached the Word of God at the Adult Correctional Institutions maximum security for 7 years straight without any incidents of any kind. I have no authority nor does any inmate in the ACI have any authority. Every block in the maximum security prison has new rules and regulations that the DOC put up. It has 340 rules and regulations, the department did not go to Federal Court to get permission. It just changed the rules on its own. The plaintiff is an inmate and has no authority nor does anyone perceive the plaintiff to have any. If the plaintiff violates any of the rules he will receive a booking and displinary action will be taken. thereby proving the plaintiff has no authority. He is truly subject to the rules and regulations of the department. So any perceived authority that Jake Gadsen affidavit speaks of is exaggerated and speculation because the plaintiff has none. The plaintiff has nothing to do with any gang nor does any one in the church at the maximum security so that is an exaggerated fear. The R.L.U.I.P.A. isn't for prisons to enforce its own faulty infringements on inmates religious rights. It was inacted by Congress to protect the rights of institutionalized persons and for the Federal Court to enforce the new least restrictive means. The only true thing in Jake Gadsen's affidavit is his credentials. The plaintiff has already stated they are note worthy. But, Gadsen himself is liable under the R.L.U.I.P.A.. There is no immunity for him or any other official , or any department or anyone under the statute. That's the law, his affidavit is meaningless, it has

no merit its based on speculation and exaggerated fears which are not true. There is no threat to the Department of Corrections security and the defendant's know it.

I, Wesley Spratt, hereby declare and state that everything in this affidavit is the absolute truth. When the Court Orders the Defendant to grant the plaintiff the freedom to exercise his religion. Everything will go right back to the way it was, no one will be affected. The Department of Corrections will continue to maintain its same security. It just wouldn't be able to infringe upon plaintiff's religious beliefs in violation of the United States Constitutional Law, namely R.L.U.I.P.A., least restrictive means.

**May God Bless Your Judgment,**

Wesley Spratt

**Wesley Spratt, Pro Se**
**Post Office Box 8273**
**Cranston, R.I. 02920**

**NOTARY**

**Subscribed and Sworn to before me in** Cranston **in the County of** ~~Cranston~~ Providence, **in the State of Rhode Island and Providence Plantations, this** 13th **day of** December **2005**

______________________
**NOTARY**

COMMISSION EXPIRES 9-22-09 **SIGNATURE**

Law Office of
Carly Beauvais Iafrate

129 DYER STREET PROVIDENCE, RI 02903 • P: 401.421.0966 F: 401.421.0964 • EMAIL: CIAFRATE@VERIZON.NET

Admitted in R.I.

June 16, 2006

The Honorable William E. Smith
United States District Court
District of Rhode Island
One Exchange Terrace
Federal Bldg. & Courthouse
Providence, RI 02903

*Re: Spratt v. State, C.A. No. 04-112S*

Dear U.S. District Court Judge Smith:

As you may recall, before you rendered the decision in this matter you allowed the Plaintiff the opportunity to respond to the Defendant's additional information regarding a recent disciplinary incident involving the Plaintiff at the ACI. In the Plaintiff's Memorandum, I referenced a forthcoming affidavit. Because of the time involved in transmitting papers back and forth between the ACI, I just received the affidavit today. If possible, I would appreciate this being placed in the file since it was referenced in the earlier memorandum.

Thank you for your courtesy in this regard.

Very truly yours,

Carly Beauvais Iafrate

c: Patricia Coyne-Fague, Esq.

Ex. B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **WESLEY SPRATT,** Plaintiff<br>vs.<br>**A.T. WALL, et al.,** Defendants. | C.A. No.: 04-112S |

**AFFIDAVIT**

I, Wesley Spratt, the Plaintiff in the above-referenced matter, do hereby state and affirm that:

1. On April 13, 2006, I was working as a dining room packer. I have had this job, on and off, for about two to three years.

2. During the time that I have worked as a dining room packer, we have been allowed to wear coats.

3. When I was told to take my coat off, I did take my coat off.

4. I did tell the correctional officer that we were allowed to wear our coats at work.

5. I did not tell the inmates to stop working. I did not stand on top of a table. I did not in any way try to encourage a group demonstration of any kind.

Subscribed and sworn to under the penalties of perjury this 12th day of June 2006.

Wesley Spratt

Subscribed and sworn before me this 12th day of June 2006

Notary Public

My Commission Expires:__________



COMMISSION EXPIRES
3-4-09